CANADY, J.,
dissenting.
Because the majority decision in this case unduly expands the scope of the common-law implied warranty of habitability enjoyed by purchasers of new homes and disregards the Legislature’s primacy in making public policy, I dissent.
In the decision under review, the Fifth District Court held that implied warranties of fitness and habitability applied to “essential services” affecting the habitability of a residence, a list including roads, drainage systems, and other off-site improvements in common areas. See Lakeview Reserve Homeowners v. Maronda Homes, Inc., 48 So.3d 902, 908. Prior to the issuance of the decision, no Florida court had ever recognized such an expansive implied warranty. In fact, the district court acknowledged that previously, the implied warranties of fitness and habitability applied only to the home and on-site improvements, such as a septic tank, that immediately supported the residence. Id. This judicial expansion of the scope of implied contractual warranties that the majority adopts here is both unwarranted and ill-advised. This is especially so in light of the Legislature’s prior entry into this field.
The disavowal in section 555.835, Florida Statutes (2012), of any expansion of the implied warranty of fitness and habitability to “off-site improvements” associated with the sale of a new home is not the only instance in which the Legislature has addressed the warranties associated with the sale of a home. Previously, in both the Condominium Act, chapter 718, Florida Statutes (2006), and the Cooperative Act, chapter 719, Florida Statutes (2006), the Legislature provided that the developer is “deemed to have granted to the purchaser of each unit [parcel] an implied warranty of fitness and merchantability for the purposes or uses intended,” including “[a]s to all other improvements for the use of unit owners, a 3-year warranty commencing with the date of completion of the improvements.” §§ 718.203(l)(c), 719.203(l)(c), Fla. Stat. (2006). In contrast, the Legislature in chapter 720, Florida Statutes (2006), detailed the rights and duties of homeowner associations. See ch.2000-258, § 48, Laws of Fla. (renumbering and amending chapter). In section 720.307, which specifically addresses the transition of a homeowner association’s control from the developer to a homeowner association, the Legislature neither states nor suggests that such a warranty is deemed to be granted from the developer to homebuyers with regard to the common areas of the community served by the homeowner association. We have previously recognized that the Legislature, not the courts, declares the public policy of the state. See University of Miami v. Echarte, 618 So.2d 189, 196 (Fla.1993) (“The Legislature has the final word on declarations on public policy....”). Accordingly, given the Legislature’s prior entry into this field, respect for the separation of powers requires that we acknowledge the primacy of the legislative branch in determining public policy and refrain from judicial policymaking in this area.
Given my conclusion that the expansion of the scope of the common law implied warranty of fitness and habitability by the Fifth District and this Court is inappropriate, I have no occasion to consider whether section 553.835 is unconstitutional. However, I am constrained to observe that the majority’s statements concerning the statute’s prospective application — which is not at issue in this case — constitute entirely gratuitous dicta. The majority having decided that the retroactive application of the statute results in an unconstitutional abolition of vested rights, questions regarding the constitutionality of the statute’s pro *1278 spective application properly remain for another day.
Accordingly, I dissent.